## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## MARTINSBURG

**MARIO ANTON LEE,**

    **Petitioner,**

**v.**                                                           **Civil Action No.: 3:20-CV-180**
                                                                      **(GROH)**

**WARDEN, USP HAZELTON,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

On September 21, 2020, Petitioner acting *pro se* filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241, with an exhibit attached thereto.  ECF Nos. 1, 1-1. Petitioner, who was previously housed at USP Hazelton in this district, is currently housed at Thomson USP, and is challenging his conviction and sentence imposed in the Northern District of Alabama.  ECF No. 1.

The matter is now before the undersigned for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the petition be denied and dismissed without prejudice.

## II.    FACTUAL AND PROCEDURAL HISTORY

### A. Conviction and Sentence[1]

On September 21, 2000, in the United States District Court for the Northern District of Alabama, a multi-count indictment was returned which charged Petitioner and several co-defendants with various drug trafficking offenses.  ECF No. 1.  On November 1, 2016, a jury convicted Petitioner of Counts 2, 3, 4, 9, 10, and 11, which charged him with: one count of conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C); one count of possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); one count of possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D); and three counts of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i).  ECF Nos. 176, 177, 178, 180, 181, 182; Lee v. United States, 2020 WL 6202325 at *1 (N.D.Ala. September 17, 2020) (aff'd United States v. Lee, 820 Fed. Appx. 998 (11th Cir. 2020).

On June 7, 2001, Petitioner was sentenced to an aggregate of 105 years of imprisonment, comprised of five 240-month sentences, and one 60-month sentence, with those sentences to run consecutively to one another.  ECF No. 218; N.D.Ala. 2:18-CV-8016, ECF No. 2 at 2; Lee v. United States, 2020 WL 5202325 at *1.

---

[1] The facts in sections II.A. and II.B., unless otherwise noted, are taken from Petitioner's criminal case, Case Number 2:00-CR-347 in the United States District Court for the Northern District of Alabama, available on PACER.  Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (Courts "may properly take judicial notice of public record); Colonial Penns. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

### B. Direct Appeal

On June 13, 2001, Petitioner filed a notice of appeal to the Eleventh Circuit, in a case later assigned docket number 01-13194. ECF Nos. 225, 234. The conviction and sentence were affirmed on direct appeal. N.D.Ala. 2:18-CV-8016, ECF No. 2 at 2.

### C. Motions to Vacate Pursuant to 28 U.S.C. § 2255[2]

Petitioner has been noted to be a frequent filer by the Northern District of Alabama in a memorandum of opinion issued August 21, 2018.[3] A review of PACER shows that Petitioner has filed at least five motions to vacate in the Northern District of Alabama: (1) 2:01-CV-8041; (2) 2:03-CV-8039; (3) 2:17-CV-8014; (4) 2:18-CV-8016; and (5) 2:19-CV-8007.

#### 1. First Motion to Vacate: N.D.Ala. 2:01-CV-8041

Petitioner's first motion to vacate pursuant to 28 U.S.C. § 2255 was filed on September 4, 2001. ECF No. 1. The motion was denied on December 16, 2002. ECF No. 2.

In 2012 and 2013, Petitioner filed two Rule 60(b) motions, both of which were denied by the district court. ECF Nos. 6, 9, 20, 21, 22. By order entered July 10, 2014, the Eleventh Circuit denied Petitioner's request for a certificate of appealability. ECF No. 24.

---

[2] The facts in section II.C., unless otherwise noted, are taken from the respective civil case numbers in the United States District Court for the Northern District of Alabama, available on PACER.

[3] "This is not Lee's first effort. In fact, Lee has been a frequent filer." N.D.Ala. 2:18-CV-816, ECF No. 2 at 1.

3

### 2. Second Motion to Vacate: N.D.Ala. 2:03-CV08039

Petitioner next filed a motion to vacate pursuant to 28 U.S.C. § 2255 on September 29, 2003. N.D.Ala. 2:03-CV-8039, ECF No. 1. On January 19, 2006, Petitioner filed a motion to amend or correct his motion to vacate. N.D.Ala. 2:03-CV-8039, ECF No. 6.

A memorandum opinion issued on September 20, 2006, denied the motion to vacate. N.D.Ala. 2:03-CV-8039, ECF No. 9. Petitioner attempted to appeal the ruling which denied him relief, but was denied a Certificate of Appealability by the district court on November 20, 2006, and by the Eleventh Circuit Court of Appeals in that court's docket number 06-16103 on March 19, 2007. N.D.Ala. 2:03-CV-8039, ECF Nos. 13, 16.

This led Lee to file, on January 8, 2013, what he styled as a "Federal Rule of Civil Procedure 60(B) Motion." ECF No. 19. That motion was denied on January 14, 2013. ECF No. 20. Lee attempted to appeal but was denied a Certificate of Appealability by the Eleventh Circuit on July 1, 2013. ECF Nos. 21, 28.

### 3. Third Motion to Vacate: N.D.Ala. 2:17-CV-8014

Petitioner's third motion to vacate was filed on April 14, 2017. ECF No. 1. The district court filed a memorandum or opinion and order of dismissal on October 17, 2017. ECF Nos. 2, 3. The district court found that it lacked jurisdiction to consider the motion because Petitioner had failed to obtain a certificate of appealability. Id.

### 4. Fourth Motion to Vacate: N.D.Ala. 2:18-CV-8016

On June 28, 2018, Petitioner filed a fourth motion to vacate. ECF No. 1. On August 21, 2018, a memorandum opinion was issued which denied Petitioner's motion for lack of jurisdiction. ECF No. 2. Petitioner filed a motion for reconsideration on September 17, 2018, and for a motion for a certificate of appealability on March 12, 2019.

ECF Nos. 5, 10.  By order entered April 29, 2019, the district court denied both motions.  ECF No. 11.  On May 9, 2019, Petitioner filed a notice of appeal with the Eleventh Circuit as to the order denying him a certificate of appealability, but the appeal was dismissed for failure to prosecute on June 12, 2019.  ECF Nos. 12, 16.

### 5. Fifth Motion to Vacate: N.D.Ala. 2:19-CV-8007

Petitioner filed his fifth motion to vacate on February 11, 2019.  ECF No. 1.  The district court entered a memorandum of opinion and order of dismissal on February 15, 2019.  ECF Nos. 2, 3.

### D. Other Attempts at Post-Conviction Relief

Petitioner has also sought habeas relief in other districts while he has been incarcerated in those districts[4].

### 1. In the District of Colorado

On September 16, 2013, Petitioner filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241 in the District of Colorado.  D.Col. 1:13-CV-2544, ECF No. 1.  The action was dismissed without prejudice on October 28, 2013.  D.Col. 1:13-CV-2544, ECF No. 5.  Petitioner appealed the dismissal to the Tenth Circuit on February 19, 2014, but the matter was dismissed for lack of prosecution on May 28, 2014.  D.Col. 1:13-CV-2544, ECF Nos. 10, 16.

Before filing his appeal in D.Col. 1:13-CV-2544, Petitioner filed another petition for habeas corpus pursuant to § 2241 in that district on January 28, 2014. D.Col. 1:14-CV-

---

[4] The summaries of these other actions included herein are provided in chronological order and demonstrate that for approximately eight years, Mr. Lee has constantly been engaged in habeas corpus litigation in various federal courts.

279, ECF No. 1.  The district court dismissed the second action on March 17, 2014.  D.Col. 1:14-CV-279, ECF Nos. 6, 7.

Petitioner filed a third petition for habeas corpus pursuant to § 2241 in the District of Colorado on April 29, 2014.  D.Col. 1:14-CV-1206, ECF No. 1.  That action was dismissed on July 9, 2014, for lack of jurisdiction.  D.Col. 1:14-CV-1206, ECF No. 9.  Petitioner appealed on July 24, 2014, but the district court's decision was affirmed by the Tenth Circuit, in that court's case number 14-1287, on September 3, 2014.  D.Col. 1:14-CV-1206, ECF Nos. 14, 19.

### 2. In the Western District of Louisiana

On April 7, 2015, Petitioner filed a § 2241 petition for habeas corpus in the Western District of Louisiana.  W.D.La. 1:15-CV-1074, ECF No. 1.  On July 6, 2015, the district court dismissed the petition for lack of jurisdiction.  W.D.La. 1:15-CV-1074, ECF No. 10.  Petitioner appealed on August 10, 2015, to the Fifth Circuit in that court's docket 15-30704, but the case was dismissed for lack of prosecution on September 10, 2015.  W.D.La. 1:15-CV-1074, ECF Nos. 13, 15.

### 3. In the Middle District of Florida

On July 27, 2016, he filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241 in the Middle District of Florida.  M.D.Fla. 5:16-CV-494, ECF No. 1.  The petition was dismissed for lack of jurisdiction on October 11, 2016.  M.D.Fla. 5:16-CV-494, ECF No. 10.  Petitioner filed a second § 2241 motion in that district on September 9, 2016.  M.D.Fla. 5:16-CV-557, ECF No. 1.  That action was again dismissed for lack of jurisdiction on October 24, 2016.  M.D.Fla. 5:16-CV-557, ECF No. 8.

### 4. In the Eastern District of California

Petitioner filed another § 2241 action in the Eastern District of California on December 21, 2017. E.D.Cal. 1:17-CV-1722, ECF No. 1. By order issued March 9, 2018, the district court dismissed the petition and declined to issue a certificate of appealability. E.D.Cal. 1:17-CV-1722, ECF Nos. 14, 15. On February 11, 2019, Petitioner filed a notice of appeal with the Ninth Circuit. E.D.Cal. 1:17-CV-1722, ECF No. 23. The Ninth Circuit denied Petitioner's request for a certificate of appealability on July 22, 2019. E.D.Cal. 1:17-CV-1722, ECF No. 16.

Petitioner filed a second § 2241 action in the Eastern District of California on February 16, 2018. E.D.Cal. 1:18-CV-234, ECF No. 1. The district court dismissed the petition for lack of jurisdiction and denied a certificate of appealability by order entered November 19, 2018. E.D.Cal. 1:18-CV-234, ECF No. 21.

Four days after filing his second § 2241 petition in the Eastern District of California, Petitioner filed a third petition there. E.D.Cal. 1:18-CV-250, ECF No. 1. On June 5, 2018, the case was dismissed without prejudice. E.D.Cal. 1:18-CV-250, ECF No. 15.

### 5. In the Middle District of Pennsylvania

On February 11, 2019, Petitioner filed another petition for habeas corpus pursuant to § 2241 in the Middle District of Pennsylvania. M.D.Pa. 3:19-CV-235, ECF No. 1. Petitioner filed a second petition for habeas corpus under § 2241 in the Middle District of Pennsylvania on February 13, 2019. M.D.Pa. 3:19-CV-250, ECF No. 1. On April 12, 2019, the district court dismissed both petitions for lack of jurisdiction because the Petitioner had not met the pre-authorization requirements of §§ 2244 and 2255(h). M.D.Pa. 3:19-CV-235, ECF Nos. 8, 9; M.D.Pa. 3:19-CV-250, ECF Nos. 7, 8.

Petitioner appealed the denial of relief in 3:19-CV-250 on April 19, 2019, but the appeal to the Third Circuit, in that court's docket number 19-1907, was denied on September 24, 2019. M.D.Pa. 3:19-CV-250, ECF Nos. 10, 13.

Petitioner also appealed the denial of relief in 3:19-CV-235 on April 19, 2019. M.D.Pa. 3:19-CV-235, ECF No. 10. On June 25, 2019, Petitioner filed another notice of appeal. M.D.Pa. 3:19-CV-235, ECF No. 18. The Third Circuit, in that court's docket number 19-1906, affirmed the judgment of the district court and dismissed the appeal. M.D.Pa. 3:19-CV-235, ECF No. 20-2.

### 6. In the Northern District of Illinois

On March 29, 2021, Petitioner filed a petition pursuant to § 2241 in the Northern District of Illinois which remains pending. N.D.Ill. 3:21-CV-50143.

### E. Other Appellate Relief

In addition to the numerous appellate cases summarized above, Petitioner filed 20-13698 in the Eleventh Circuit Court of Appeals on September 29, 2020.[5] There, Petitioner challenged the denial of three motions: for compassionate release; for reduced sentence; and to set aside his judgment. USCA 20-13698, Document 011111396493, filed September 30, 2020. That case remains pending.

### F. Instant 2241 Petition

This § 2241 petition was filed on October 1, 2020. ECF Nos. 1, 1-1. Therein, Petitioner challenges his conviction and sentence imposed in the Northern District of Alabama. ECF No. 1.

---

[5] The appeal was docketed on September 30, 2020.

Although Petitioner asserts two grounds for relief, it appears to the Court that Petitioner actually raises four grounds for relief: (1) that Petitioner has already served in excess of the statutory maximum; (2) that the act Petitioner was convicted of committing is no longer considered to be a crime under the Fair Sentencing Act; (3) that he is "actual-factual innocent" of his 360 month sentence[6]; and (4) that the sentencing court improperly calculated his base offense level, and thus his sentence. ECF No. 1 at 5 – 6. He seeks a writ of habeas corpus and to be "relieved of his unconstitutional sentence." Id. at 8. Petitioner did not indicate whether he ever presented any of these claims to another court, and concedes that he did not file an internal grievance procedure. ECF No. 1 at 7.

On November 10, 2020, Petitioner filed a motion for order to show cause. ECF No. 11.

### III.  LEGAL STANDARD

#### A.  Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

---

[6] Petitioner's claim that he is factually innocent of his sentence could be construed as a challenge to his conviction, as a defendant is not capable of being innocent of a sentence, but only capable of being innocent of a conviction.

### B. Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[7] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C. Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a

---

[7] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

### IV.   ANALYSIS

In the instant § 2241 petition, Petitioner seeks a reduction or correction of sentence. This is essentially the same relief that he seeks in the Eleventh Circuit Court of Appeals, which appeal remains pending. U.S.C.A. 11th Cir. 20-13698. Such a challenge to Petitioner's sentence is more appropriately considered in Petitioner's appeal to the Eleventh Circuit Court of Appeals and/or in a § 2255 motion filed in the court of conviction.

It has long been recognized in this Circuit that courts should not rule upon issues when another court already exercises jurisdiction over those same matters. Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325–26 (4th Cir. 1937) ("The court will refuse [to rule] where another court has jurisdiction of the issue, where a proceeding involving identical issues is already pending in another tribunal, where a special statutory remedy has been provided, or where another remedy will be more effective or appropriate under the circumstances.")

Accordingly, it is clear on the face of the petition that this court lacks jurisdiction, because the matters addressed and relief sought are already under consideration by the Eleventh Circuit Court of Appeals.

Moreover, it is also clear upon the face of the petition, that Petitioner has failed to exhaust his administrative remedies. Petitioner stated that he did not present the facts asserted in his petition to the prison's internal grievance procedure, and did not indicate whether he presented any claim to the Bureau of Prisons or other administrative agency. ECF No. 1 at 7 – 8. Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a). "Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions. Failure to exhaust may only be excused upon a showing of cause and prejudice." McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (citing Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634-35 (2d Cir.2001), Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981)). Exhaustion as provided in § 1997e(a) is mandatory, regardless of the relief offered through administrative procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. Porter v. Nussle, 534 U.S. 516, 524 (2002) (citing Booth, 532 U.S. at 741). "Those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524.

Although generally, the exhaustion of administrative remedies should be raised by the defendant as an affirmative defense, if the failure to exhaust is apparent from the face of the complaint, the court has the authority under 28 U.S.C. § 1915 to dismiss the case sua sponte. Custis v. Davis, 851 F.3d 358, 361 (2017) ("A court may sua sponte dismiss

a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies.")

Pursuant to McClung, failure to exhaust may only be excused upon a showing of cause and prejudice. Petitioner has not claimed any excuse for his failure to exhaust. As recognized in Carmona, supra, which was cited by the Fourth Circuit in its opinion in McClung:

> [T]he interests of judicial economy and accuracy are served by requiring that, absent a showing of cause and prejudice, appeals proceed in the first instance through the federal agency review process. Following the administrative procedures could potentially obviate the need for judicial review, or at a minimum, develop the factual record at the agency level at a time when the disputed events are still relatively fresh in witnesses' minds. In this sense, it is the analogue of the exhaustion of state remedies requirement for a state prisoner seeking federal habeas review, and the results governing failure to take this path should be the same.
>
> Administrative autonomy is also served by requiring that a federal prisoner justify his failure to exhaust his intra-Bureau remedies. When, however, legitimate circumstances beyond the prisoner's control preclude him from fully pursuing his administrative remedies, the standard we adopt excuses this failure to exhaust.

Carmona, 243 F.3d at 634 (internal citations omitted).

The petition clearly states that Petitioner did not exhaust available administrative remedies. ECF No. 1 at 7 – 8. Because Petitioner has failed to exhaust all administrative remedies available to him, related to his claim that he is entitled either to sentence reduction or correction of sentence, Petitioner's claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83,

118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

It is further **RECOMMENDED** that Petitioner's motion for order to show cause [ECF No. 11] be **TERMINATED** as **MOOT.**

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:   April 29, 2021

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE