# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**MARIO ANTON LEE,**

    Petitioner,

v.                                           **CIVIL ACTION NO.: 3:20-CV-180 (GROH)**

**WARDEN, USP HAZELTON,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Currently before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble on April 29, 2021. ECF No. 13. Pursuant to the Court's Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of an R&R. See LR PL P 2. In the R&R, Magistrate Judge Trumble recommends that this Court dismiss the Petitioner's § 2241 Petition without prejudice. The Petitioner timely filed his objections to the R&R on May 10, 2021. ECF No. 14. Accordingly, this matter is now ripe for adjudication.

## I. BACKGROUND

On September 21, 2020, the Petitioner filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging the computation of his sentence. ECF No. 1. The Petitioner raises four grounds for relief: (1) that the Petitioner has already served in excess of the statutory maximum, (2) that the act the Petitioner was convicted of

committing is no longer considered to be a crime under the Fair Sentencing Act, (3) that the Petitioner is innocent of his 360-month sentence, and (4) that the sentencing court improperly calculated his base offense level, and thus his sentence. Id. at 5–6. For relief, he requests that this Court "relieve[] him of his unconstitutional sentence." Id. at 8.

Upon reviewing the record, the Court finds that the background and facts as explained in the R&R accurately and succinctly describe the circumstances underlying the Petitioner's claims. For ease of review, the Court incorporates those facts herein.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir.1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.1984).

Pursuant to this Court's local rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection." LR PL P 12(b). However, the Court is not required to review objections to the magistrate judge's R&R that are not made with "sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). When a party makes only

general objections to the R&R, meaning "objections [that] are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge," the party waives his right to de novo review, and the Court subjects that portion of the R&R to a clear error review. Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012). Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

### III. DISCUSSION

In the R&R, Magistrate Judge Trumble recommends that the Court dismiss the petition without prejudice because (1) the Petitioner has an appeal pending in front of the Eleventh Circuit Court of Appeals, wherein he seeks essentially the same relief, and (2) the Petitioner failed to exhaust his administrative remedies with the Bureau of Prisons ("BOP") before filing the petition. ECF No. 13 at 11–14. Thus, Magistrate Judge Trumble concludes that this Court is without jurisdiction to consider the Petitioner's petition. Id. at 13.

In his objections, the Petitioner avers that this Court has jurisdiction to review his § 2241 petition because "the BOP is refusing to exhaust [his] administrative remedies."

ECF No. 14 at 3. He also contends that because the exhaustion requirement is a "judicially-created duty," it does not apply here. Id. at 2.

The Court is unpersuaded by the Petitioner's arguments. The Fourth Circuit has long held that in order for the Court to review a § 2241 petition, the petitioner must first exhaust his administrative remedies with the BOP. See United States v. Stroud, 584 F. App'x 159, 160 (4th Cir. 2014) (stating that if a prisoner is unsatisfied with the results of the BOP's administrative process, he may file a petition under § 2241); Everett v. Ray, No. 00-6121, 2000 WL 429928, at *1 (4th Cir. 2000); United States v. Bailey, No. 92-5592, 1993 WL 359485, at *1 (4th Cir. 1993). When a petitioner in a § 2241 proceeding fails to exhaust his administrative remedies, his claims will be procedurally defaulted. Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 762 (3d Cir. 1996). Failure to exhaust administrative remedies may only be excused by a showing of cause and prejudice. McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (citing Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001)).

Here, the Petitioner explicitly stated that he did not exhaust available administrative remedies. ECF No. 1 at 7–8. He has not shown cause or prejudice as to his failure to exhaust administrative remedies before filing the instant petition with the Court. Therefore, the Court finds that de novo review is not required because the Petitioner's objections make no legal arguments and the factual presentation was properly considered by the magistrate judge within his R&R. See Taylor, 32 F. Supp. 3d 253, 260-61.

## IV. CONCLUSION

Accordingly, finding that Magistrate Judge Trumble's R&R carefully considers the record and applies the appropriate legal analysis, it is the opinion of this Court that

4

Magistrate Judge Trumble's Report and Recommendation [ECF No. 13] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Thus, the Petitioner's Petition [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**, and the Petitioner's Motion for Order to Show Cause [ECF No. 11], Petition for Appointment of Counsel [ECF No. 17], and Motion for Immediate Release on Bail Pending Resolution of 28 U.S.C. § 2241 [ECF No. 18] are **TERMINATED** as **MOOT**.

The Clerk of Court is **DIRECTED** to transmit copies of this Order to all counsel of record and the pro se Petitioner, by certified mail, at his last known address as reflected upon the docket sheet.

**DATED:** July 1, 2021

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE